UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-108-GCM

| | |
|---|---|
| DAVID MEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FNU HONEYCUT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff has applied to proceed in forma pauperis. [Doc. 4].

I. BACKGROUND

The pro se Plaintiff, who is presently incarcerated at the Alexander Correctional Institution, purports to file this action for a permanent restraining order under N.C. General Statutes 50C-2 and 50C-5, based on claims that his Eighth Amendment rights are being violated. [Doc. 1]. Plaintiff names as Defendants: NCDPA – NCDAC Prisons; Kimberly Grande, of the Inmate Grievance Resolution Board; the following Alexander CI employees: FNU Honeycut, the warden; FNU Farrish, a unit manager; Timothy Metcalf, Dustin Goins, Joshua Sigmon; FNU Daves, a captain; FNU Johnson, a lieutenant; FNU Deloach, FNU Harrold, FNU Harold, sergeants; "6 PERT Team NCDAC Prison Guards;" all of the nurses at the prison on June 22, 2023; FNU Matthews, FNU Sole, FNU Butler, FNU Kobon, FNU McDougle, officers; FNU Cox, the medical department supervisor; and the following Foothills CI employees: FNU Taylor and FNU Dunley, transportation officers [Doc. 1 at 1-2].

The Plaintiff claims that the Defendants: are "executing a murder for hire assassination" at Alexander CI and, on June 22, 2023, they forcibly injected narcotics and an "unknown dangerous infectious disease bacterium parasite deep inside [his] left arm…," which caused him to "urinate blood, defecate blood, unbearable pain in [his] head, neck and chest, penis, testicles and kidneys and liver" as well as "lack of brain functioning... that result in slow torture and [his] death;" that they used excessive force on him; and that they refused to transport him to the emergency room. [Doc. 1 at 3-5]. He further claims that Defendants Taylor and Dunley raped him during transportation between Alexander CI and Foothills CI on April 27, 2023, and that Defendant Grande and others[1] obstructed an investigation of the Plaintiff's PREA complaints. [Id. at 7-8]. The Plaintiff contends that, because he is seeking relief pursuant to §§ 50C-2 and 50C-3, "FILING FEES ARE NOT PERMITTED." [Id. at 1].

The Court docketed this action as a civil rights proceeding pursuant to 42 U.S.C. § 1983, and entered a Notice of Deficiency requiring the Plaintiff to pay the filing fee or apply to proceed IFP. [Doc. 2]. The Plaintiff then filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [Doc. 4]. He claims that "The U.S. Judges and U.S. Magistrate Judges are hostile to [him] paying the filing fee in 20% installments by them slandering that [he] is delusional and that all his cases is frivolous to tamper with [him] as a witness" [Id. at 1]. He argues that he should be allowed to proceed IFP because he is in imminent danger as follows:

> Defendants stated to me on this 07-11-2023 that they will murder me before I'm transferred to the VADOC. On 6-22-2023 Warden Honeycut, Timothy Metcalf, Mr. Farrish, Lt. Moss, Captain Davis, Captain Hester, Dustin Goins, Dustin Poach, Joshua Sigmon, Lt. Johnson, all of the Alexander Correctional nurses, Ms. Cox and 6 prison guards held me down in 4 sets of restraints and twisted my elbows until they tore from my elbow joints to force inject a deadly bacterium in my arm.

---

[1] This allegation that refer to individuals who are not named in the case caption as required by Rule 10 of the Federal Rules of Civil Procedure are nullities.

2

[Doc. 4 at 5] (errors uncorrected).

## II. STANDARD OF REVIEW

In an in forma pauperis action, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

28 U.S.C. § 1915(g).  Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

In 2020, the Fourth Circuit held that Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020); see also Meyers v. Brown, No. 2:20-cv-70 (E.D. Va.), Doc. 68 (collecting cases).  A brief review of Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that Plaintiff is subject to 28 U.S.C. § 1915(g).  See Meyers v. Jones, No. 7:18-cv-414 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. U.S. District Court, 7:18-cv-458 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Clarke, 7:18-cv-460 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Northam, No. 7:18-cv-473 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous).  The Court has reviewed the docket in each of these matters and finds that they count as a "strike" for the purposes of the application of 28 U.S.C. § 1915(g).  See Pitts v. South Carolina, 65 F.4th 141 (4th Cir. 2023).

Plaintiff, therefore, must show that he is under imminent danger of serious physical injury.  For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  Meyers v. Clarke, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

This and other Courts have recently dismissed Complaints filed by Plaintiff pursuant to § 1915(g) because he failed to plausibly allege any facts supporting application of the imminent danger exception, and finding that the Plaintiff is delusional and under no threat of imminent danger.  See Meyers v. United States, No. 3:23-cv-223-MR, 2023 WL 4281733, at *2-3, (W.D.N.C. June 29, 2023) (dismissing Bivens and FTCA complaint pursuant to § 1915(g) because Plaintiff's claims that "dirty judges" are "marshaling the 'state prison' officials to commit unceasing sexual assaults, rapes, stabbings, hate crimes, illegal kidnappings, and forced [drug] administration" on Plaintiff fail to credibly allege present imminent danger and are "delusional"); Meyers v. Does, No. 5:23-cv-64-MR, 2023 WL 4280676, at *1, 3 (W.D.N.C. June 29, 2023) (same regarding allegations that prison officials dragged him from his wheelchair in front of Foothills and "hurled" him headfirst into a blue SUV, causing Plaintiff to strike his head repeatedly; then, two white male "supremacist prison guards" kidnapped him, forcibly anally sodomized him, cut his neck, and illegally drove him to Alexander Correctional Institute where numerous prisoners made death threats to murder him); Meyers v. Foothills Correctional Inst. Wardens, No. 1:23-cv-123-GCM, 2023 WL 3743069, at *1-2 (W.D.N.C. May 31, 2023) (same); see also Meyers v. Hall, No. 7:19-cv-406, 2020 WL 231092, at *15 (W.D. Va. Feb. 2020), *report and recommendation adopted*, 2020 WL 1482561 (W.D. Va. March 27, 2020) (finding that Plaintiff's claims that "hundreds" of inmates and Virginia DOC employees are trying to murder him are "delusional").

Plaintiff here again fails to plausibly allege any facts supporting application of the imminent danger exception. Plaintiff continues to claim that prison officials are injecting him with narcotics and bacteria to execute a murder-for-hire scheme against him.  These outlandish claims fail to demonstrate "the likelihood of imminent serious physical injury."  Meyers, 767 F.

App'x at 439. Plaintiff does not allege or show that any credible imminent danger currently exists. Moreover, Plaintiff's past filings in this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger. See, e.g., Meyers v. United States, No. 3:23-cv-223-MR, 2023 WL 4281733; Meyers v. Does, No. 5:23-cv-64-MR, 2023 WL 4280676; Meyers v. Foothills Correctional Inst. Wardens, No. 1:23-cv-123-GCM, 2023 WL 3743069; Meyers v. Hall, No. 7:19-cv-406, 2020 WL 231092. The Court, therefore, will dismiss Plaintiff's Complaint under § 1915(g).

**Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

## IV. CONCLUSION

For the reasons stated herein, the Court will deny the Application to proceed IFP, and dismiss this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 4] is **DENIED**.

2. This action is **DISMISSED WITHTOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.                                  Signed: August 14, 2023

*[Signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge